5

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

**NOV 1 9 1998**

Michael N. Milby, Clerk of Court
By Deputy Clerk _____

| | | |
|---|---|---|
| ORLANDO RENTERIA GONZALEZ, | § | |
|    Plaintiff-Petitioner, | § | |
| | § | CIVIL ACTION NO. B-98-082 |
| VS. | § | |
| | § | CRIMINAL NO. B-94-095-06 |
| UNITED STATES OF AMERICA, | § | |
|    Defendant-Respondent. | § | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Orlando Renteria Gonzalez ("Gonzalez") has filed a habeas corpus proceeding pursuant to

the provisions of 28 U.S.C. § 2255. The government, claiming that Gonzalez claims are time

barred, has filed a Motion to Dismiss which, for the reasons set forth below, should be granted.

### BACKGROUND

On November, 24, 1994, Gonzalez was convicted by a jury of conspiracy to possess with

intent to distribute cocaine and aiding and abetting in the possession to distribute with intent to

distribute cocaine. On January 23, 1995, he was sentenced to concurrent terms of 288 months

followed by a five year supervised release term and a $100.00 special assessment. On November

25, 1995, the Fifth Circuit Court of Appeals affirmed his conviction and sentence in an

unpublished per curiam opinion, *United States v. Orlando Gonzalez*, No. 95-40147 (5th Cir.

1995). This habeas action was filed on June 8, 1998.

### RECOMMENDATION

28 U.S.C. § 2255 was amended on April 24, 1996. The amendments added, among other

changes, a one year limitation period running from the latest of several possible dates. In

Gonzalez case the applicable date is the date his conviction became final. The most generous

interpretation of Gonzalez case is that his conviction became final on March 18, 1996, the expiration of the time he would have had to file an application for review by the United States Supreme Court.

Since this date preceded the effective date of the amendment to 28 U.S.C. § 2255, the one year period in Gonzalez case began on April 24, 1996, *United States v. Flores*, 135 F.3d 1000, 1006 (5th Cir. 1998). Thus Gonzalez had until April 24, 1997, to file his petition. He missed this mark by almost fourteen months, therefore his petition should be dismissed.

IT IS THEREFORE RECOMMENDED that the government's Motion for to Dismiss be **GRANTED** and that Orlando Renteria Gonzalez's Habeas Petition be **DISMISSED**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association,* 79 F.3d 1415 (5th Cir. 1996).

DONE at Brownsville, Texas, this 18th day of November 1998.

John Wm. Black
United States Magistrate Judge

2